UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| ADMINDA POOLE, | **No. 6:14-CR-06175 (MAT)** |
| | **No. 6:16-CV-06476 (MAT)** |
| Movant, | |
| -vs- | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

**I.  Introduction**

On March 23, 2015, movant Adminda Poole ("Poole"), a federal prisoner, was sentenced, as a career offender, to a term of 125 months imprisonment. Poole's sentence was enhanced based on the Court's finding that her instant offense was a "controlled substance offense" and that she had two prior convictions of either a "controlled substance offense" or "crime of violence" pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). Specifically, Poole had one prior conviction of a drug offense and one prior conviction, under New York law, of second-degree assault. Thus, she was sentenced based on the residual clause then contained in U.S.S.G. § 4B1.2(a)(2).

Plaintiff has two pending motions pursuant to 28 U.S.C. § 2255 before this Court. In the first, dated August 7, 2015, Poole argues, *pro se*, that her judgment of conviction should be set aside because she was erroneously labeled a career criminal. See doc. 56. In the second, dated June 24, 2016 and in which Poole is represented by the Federal Public Defender ("FPD"), Poole moves

this Court to vacate and correct her sentence due to the Supreme Court's holding in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). See doc. 68. That case struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the language of which was identical to the residual clause of the Sentencing Guidelines, under which Poole was sentenced.

On May 19, 2017, the FPD moved to withdraw as Poole's counsel on the second § 2255 motion. Doc. 71. The government does not oppose this motion. For the reasons that follow, the Court grants the FPD's motion to withdraw as Poole's counsel with respect to her June 24, 2016 motion, and further denies both of Poole's § 2255 motions.

**II. Discussion**

    **A. The June 24, 2016 § 2255 Motion (Doc. 68)**

On March 6, 2017, the Supreme Court decided Beckles v. United States, 137 S. Ct. 886, 894 (2017). That case held that Johnson's holding, which found the residual clause of the ACCA unconstitutionally void for vagueness, did *not* void for vagueness the identical residual clause language contained in the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 894 (2017). Because Poole was sentenced pursuant to the residual clause of the Sentencing Guidelines, Poole's motion is directly affected by the outcome of Beckles. Accordingly, the Federal Public Defender

has moved to withdraw from this case (doc. 71) and the Court hereby grants that motion.

As discussed above, Poole was sentenced pursuant to the residual clause then contained within the Sentencing Guidelines. See U.S.S.G. § 4B1.2(a)(2). The Court is therefore constrained to find that, due to the holding of Beckles, Poole's § 2255 motion has been rendered meritless and it is therefore dismissed. See United States v. Flores, 2017 WL 1274216, at *1 (S.D.N.Y. Apr. 4, 2017) ("Because the Supreme Court held in [Beckles] that, unlike ACCA, the Sentencing Guidelines are not subject to vagueness challenges, defendant's motion is denied.").

**B.    The August 7, 2015 § 2255 Motion (Doc. 56)**

In her *pro se* § 2255 motion filed August 7, 2015, Poole argues that "[d]uring [her] sentencing hearing, the judge and the U.S. Attorney referred to [her] as a career criminal," which she alleges "biased [the] judge to impose a harsher sentence." Doc. 56 at 4. As discussed above, however, the record reveals that Poole was properly sentenced as a career offender under the Sentencing Guidelines. In any event, Poole's motion is time-barred because it was filed more than four months after her judgment of conviction was entered. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). This motion is therefore dismissed.

**III. Conclusion**

The Federal Public Defender's motion to withdraw as counsel (doc. 71) is granted. Poole's motions to vacate her sentence pursuant to § 2255 (docs. 56, 68) are denied. No certificate of appealability shall issue because Poole has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court is directed to close Case No. 6:15-CV-06476.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**

                                        HON. MICHAEL A. TELESCA
                                      United States District Judge

Dated:    June 14, 2017
             Rochester, New York.